IN THE

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | | |
|---|---|---|
| LEVEL FRANCOIS, | ) | CASE NO.: 6:25-CV-379-WWB-LHP |
| | | **CIVIL ACTION FOR MONETARY** |
| | ) | **DAMAGES** |
| Pro se plaintiff, | | |
| 18 North Terry Avenue | ) | |
| Orlando, Florida, 32801 | | |
| Email: levelt.francois@aol.com | ) | |
| Phone: (202) 455 3572 | | |
| | | |
| v. | | |
| | | |
| MCDONALD'S FRANCHISE CORPORATION | ) | MCDONALD'S CLAIM |
| 110 N. CARPENTER STREET | | |
| CHICAGO, ILLINOIS, 60607, | | NO: 31365590 |
| V. | | |
| | | |
| MCDONALD'S RESTAURANT | ) | |
| 820 S. ORANGE BLOSSOM TRAIL | | |
| ORLANDO, FL 32805, | | |
| v. | | |
| | | |
| JADA DENISE CLIATT (DRIVER) | ) | |
| 901 KENSINGTON DR | | |
| ORLANDO, FL. 32808, | | |
| v. | | |
| | | |
| ARTHUR LEE CLIATT (CAR OWNER), | ) | |
| 1726 37TH STREET, | | |
| ORLANDO, FL. 32839, | | |
| V. | | |
| | | |
| PEAK PROPERTY AND CASUALTY INSURANCE / | ) | PEAK INSURANCE CLAIM |
| DAIRYLAND INSURANCE COS. | | NO. 96A323267 |

1

P.O. BOX 8042 STEVENS POINT, WI. 54481,  NO: 96A423267
ET AL., DEFENDANTS.

1. Plaintiff, Level Francois, a lawyer, sues the defendants: McDonald's Franchise Corporation; McDonald's Restaurant; Jada Denise Cliatt (vehicle driver); Arthur Lee Cliatt (vehicle owner); and Dairyland National Insurance Company/ Peak Property and Casualty Insurance company, collectively referred to as "The Defendants" herein, and alleges as follows:

## JURISDICTION AND VENUE

2. This is an action to recover monetary damages and other relief against the defendants for personal injuries and other harms they have inflicted on plaintiff during their tortious acts, which occurred on October 5, 2024, within the territorial boundaries of the State of Florida; City of Orlando, Orange County; and inclusive territorial jurisdiction of the United States District Court for the Central District of Florida.

3. The amount in controversy exceeds seventy-five thousand dollars ($75,000,00); plaintiff is a citizen of Haiti and a State of Florida resident; McDonald's Franchise corporation, as well as Dairyland and Peak Property and

2

Casualty Insurance companies are national corporations with their headquarters (citizenship) in other states. Therefore, regarding McDonald's Corporation; McDonald's Restaurant; Dairyland and Peak Property and Casualty Insurance companies, this court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1332, which grants this court jurisdiction in all civil actions between citizens of different states; and between citizens of a state and a subject of a foreign state where the amount in controversy exceeds $75,000.00.

4. With regard to Defendants Jada Denise Cliatt and Arthur Lee Cliatt, jurisdiction lies in this court under Tittle 28, United States Code, Section1367, pursuant to the Supplemental or Pendant/Ancillary jurisdiction Rule which confers authority upon the federal courts to hear claims that relate to other claims that do fall within the court's jurisdiction, even where those other claims, filed alone, would not have fallen within the jurisdictional boundaries of the court.

5. The underpinnings laid out in the paragraphs below have established the propriety of both jurisdiction and venue in this court.

6. Defendant McDonald's Franchise Corporation is a national corporation which conducts businesses all over the United States, including in Orange County, Central District of Florida.

3

7. The torts alleged herein have affected or occurred in Orange County, Central District of Florida, where this court sits.

8. All actions material to this cause have occurred within a year; and all conditions precedent have been performed. Accordingly, Jurisdiction and venue are correctly laid out in the Central District of Florida.

## PLAINTIFF:

9. Plaintiff, Level Francois, is a citizen of Haiti, and a Lawful Permanent Resident of the State of Florida, who stayed temporarily in Orange County; and his permanent resident is in Dade County, Florida.

## DEFENDANTS:

10. Headquartered in Chicago, Illinois, McDonald's Franchise Corporation is a for-profit, national corporation, engaged in the restaurant business, with one of his franchisees located on 820, South Orange Blossom Trail, Orange County, Orlando, Florida, 32805. Accordingly, the diversity of citizenship; the amount threshold; and the other bases are well-established for the court's jurisdiction on all defendants: diversity of citizenship and pendant/ancillary jurisdiction.

11. Defendants Jada Denise Cliatt and Arthur Lee Cliatt reside respectively on Kensington Drive in Orlando, Florida, and on 37th Street in Orlando, Florida, 32808.

4

## FACTUAL AND SPECIFIC ALLEGATIONS

12. McDonald's Franchise Corporation is a corporation headquartered in Chicago, Illinois, however, the corporation, a restaurant chain, has locations throughout the United States.

13. Specifically, the corporation has a restaurant which is located on 820, South Orange Blossom Trail, Orlando, Florida, 32805.

14. In great health, excellent physical conditions, on or about October 5, 2024, at around 9:00AM, plaintiff went to the McDonald Restaurant located on 820 South Orange Blossom Trail, Orlando, Florida, to eat breakfast.

15. Returning home, plaintiff exited the main door of the restaurant mentioned in Paragraph Fourteen above, and, as he started to walk across the parking lot, a few feet from the door, a 2008 Jeep Cherokee, Sport Utility Vehicle (SUV) ; colored gray; with Vehicle Identification (VIN) number: 1J8GR48K18C; license plate number: IR04DF, State of Florida; owned by Arthur Lee Cliatt, herein defendant; driven by Jada Denise Cliatt, herein defendant, whose driver's license number is: C430424985120, State of Florida; and insured by Peak Property and Casualty Insurance/Dairyland Insurance companies, did run a stop sign; barrel into

5

the McDonald's Restaurant Parking lot at an excessive speed; rushed towards the drive-thru line recklessly; and struck plaintiff with the SUV to knock him unconscious on the ground and fracture several bones in his body.

16. Because McDonald's Franchise Corporation failed to perform its duty and/or exercise due care and diligence any reasonable and prudent person would have performed to obviate foreseeable dangers, including, but not limited to:

**i) Construct and maintain speed bumps on the parking lot, drive-thru line, specifically near the customer's main entry and exit door to slow aggressive drivers who compete with others to take first place in the drive-thru line;
ii) Post speed limit sign on the parking lot, drive-thru line to alert and remind drivers that customers may be walking through; and
iii) Draw pedestrian crosswalk lines from the restaurant's main exit door onto the parking lot to increase visibility and alertness for the customers walking from the door onto the parking lot.**

17. As a result of McDonald's Franchise Corporation's neglect and/or failure to perform the above duty of due care, on or about October 5, 2024, as plaintiff exited McDonald's Restaurant's main door, he was struck with full force by an SUV which knocked him unconscious, fractured his bones, and inflicted other severe injuries upon him.

18. Scurrying onto the scene, the ambulance and officers of the Orlando City Police Department rushed plaintiff onto the Orlando Medical Center/ Orlando

6

Health Clinic for immediate medical care, whereas it was discovered that plaintiff suffered the following injuries and damages:

### A. BACK INJURIES:

Fractured and dislocated vertebrae which compresses the spinal cord with the potential to cause paralysis or severe mobility limitations, which, in turn, may cause permanent disabilities requiring the use of a wheelchair or walker.

### B. NECK INJURIES:

Cervical disk herniation; spinal cord injuries; and cervical vertebrae fracture.

### C. ELBOWS:

Abrasions in both elbows; bone fractures in both elbow joints.

### D. KNEES:

Left kneecap dislocation and anterior cruciate ligament tears.

19. As a result of the defendants' negligence, which is the direct and/or proximate cause of the injuries that plaintiff suffers, plaintiff has been undergoing lengthy treatment procedures which has rendered him incapable to take on the various cases he has been offered to work on abroad, where his main law offices are located. Consequently, as of the filing date of this cause of action, plaintiff has lost hundreds of thousands of dollars in revenue.

20. As a result of the defendants' negligence which is the direct or proximate cause of plaintiff's injuries, plaintiff now contemplates permanent disabilities which will deprive him of all the incomes he would have had as an active attorney, both abroad and here in the United States, during the remainder of his career.

21. The entire scene of the defendants' tortious acts was tape-recorded by McDonald's Corporation Restaurant's surveillance cameras in the Restaurant located on 820, South Orange Blossom Trail, Orlando, Florida, 32805, where the defendants executed their tortious acts.

22. On or about October 12, 2024, approximately one week after the defendants' tortious act, plaintiff returned to the McDonald's restaurant with a drive disk and asked the defendants to make a copy of the camera recording of the scene and put it on the disk for plaintiff, however, the defendants refused,

## CLAIMS AGAINST MCDONALD'S FRANCHISE CORPORATION

### CLAIM ONE: GROSS NEGLIGENCE

23. On or about October 5, 2024, McDonald's Franchise Corporation which oversees and establishes guidelines for the operation and safety of its various restaurants and/or franchisees, including the safety of their property; their products; their services; and the safety of the customers coming onto their premises, had a duty of care to protect plaintiff while he was on McDonald's

8

Corporation premises. However, McDonald's Corporation breached that duty by failing to perform and/or taking the precautionary measures alleged in Paragraph Sixteen i-iii above, incorporated herein by reference.

24. Those measures are reasonable, and reasonable persons would have foreseen the possibilities of personal injuries to customers without them. However, McDonald's Corporation carelessly breached that duty. As a result of the breach, plaintiff was struck by a speeding vehicle coming onto McDonald's premises and plaintiff has suffered the injuries and damages alleged in Paragraph Eighteen above, incorporated herein by reference.

### CLAIM TWO: NEGLIGENCE

25. On or about October 5, 2024, the defendant, McDonald's Franchise Corporation had a duty for plaintiff's safety on its premises located at 820 South Orange Blossom Trail, Orlando, Florida 32805, whereas such duty consisted of the obligations alleged in Paragraphs Sixteen above. Defendant McDonald's Corporation breached that duty and/or failed to perform it. Because of the defendant's breach, the plaintiff has suffered the injuries and damages alleged in Paragraph Eighteen above, incorporated herein by reference.

### CLAIMS AGAINST DEFENDANT JADA DENISE CLIATT

### CLAIM ONE: RECKLESS ENDANGERMENT

9

26. On or October 5, 2024, in the Central District of Florida, City of Orlando, Orange County, the defendant, **JADA BENISE CLIATT,** did engage in a conduct that showed a willful or wanton disregard for the safety of the plaintiff.

27. Specifically, Defendant **JADA DENISE CLIATT** barreled onto the McDonald's restaurant parking lot located on 820 South Orange Blossom Trail 32805 in high speed, although she had reason to know that customer could be walking across the parking lot.

28. Defendant **JADA DENISE CLIATT** ran a stop sign; curved around the restaurant drive-thru line in excessive speed; struck plaintiff brutally with the Sport Utility Vehicle (SUV) she was driving; and knock plaintiff unconscious on the ground.

29. Despite her initial tortious act, Defendant **JADA DENISE CLIATT** did not stop to attend, assist, or help the unconscious plaintiff on the ground. In lieu of stopping, she attempted to run and leave the scene until she was blocked by other vehicles that were in front of her in the drive-thru line.

30. Defendant **JADA DENISE CLIATT** attempted to elude the police and insulate herself from responsibility for her act until an experienced police officer arrived on the scene to review the restaurant surveilling cameras and find the defendant who ensconced behind other vehicles in the drive-thru line.

31. Defendant **JADA DENISE CLIATT** who acted with a conscious indifference, inflicted the harm, damages and injuries alleged in Paragraph Eighteen above, incorporated herein by reference; and, consequently, plaintiff has suffered the various losses alleged in Paragraphs Eighteen thru Twenty above, incorporated herein by reference.

## CLAIM TWO: GROSS NEGLIGENCE

32. Plaintiff incorporates herein by reference Paragraphs Twenty-four through Twenty-nine and keeps those paragraphs as the specific allegations for his gross negligence claim against the defendant hereat. Plaintiff further incorporates by reference Paragraphs Eighteen thru Twenty-one for the damages suffered by the defendant's tortious act. Plaintiff preserves these paragraphs, as incorporated, to be integral of the specific allegations against the defendant on the negligence claim hereat.

## CLAIMS AGAINST DEFENDANT ARTHUR LEE CLIATT

## CLAIM ONE: NEGLIGENCE

33. On or about October 5, 2024, in the Central District of Florida, City of Orlando, Orange County, the defendant, **ARTHUR LEE CLIATT,** knew or had reason to know that Defendant Jada Denise Cliatt is a reckless and/or negligent driver. However, Arthur Lee Cliatt gave his vehicle to her and/or allowed her to drive

11

same. As a result of Defendant **ARTHUR LEE CLIATT'S** negligent act, Jada Denise Cliatt did drive the vehicle recklessly and negligently until she struck the plaintiff on the McDonald's restaurant's parking lot, drive-thru line and inflicted severe injuries and damages upon plaintiff.

34. Plaintiff hereby incorporates by reference Paragraphs Twenty-four thru Twenty-nine above and includes said paragraphs as part of the specific allegations for his negligence claim against Defendant Arthur Lee Cliatt hereat; and plaintiff further incorporates by reference Paragraphs Eighteen thru Twenty-one above and includes same herein as his specific allegations of damages for his negligence claim against Defendant Arthur Lee Cliatt hereat.

## CLAIMS AGAINST DEFENDANTS' PEAK PROPERTY AND CASUALTY INSURANCE/DAIRYLAND NATIONAL INSURANCE COMPANY:

### CLAIM ONE: NEGLIGENCE

35. Between October 5, 2024, and up to the filing date of this cause of action, the defendants: **DAIRYLAND NATIONAL INSURANCE COMPANY/ PEAK PROPERTY AND CASUALTY INSURANCE** had a duty to timely reimburse and/or pay plaintiff for out-of-pocket payment he made on his continuing treatment bills for injuries plaintiff suffered by negligent acts of defendants insured by Peak and

12

Dairyland Insurance companies. The defendants, however, breached that duty by failing to make timely reimbursement and/or payment to plaintiff. As a result of the breach, plaintiff's injuries worsened and came to require prolonged treatments and medical equipment uses. The defendant's tortious acts contribute to plaintiff's disability and the loss of salaries he would have made in his profession.

36. Plaintiff herein incorporates by reference all the claims and specific allegations enunciated against all the defendants above to be the specific allegations for plaintiff's negligence claim against Defendants Peak and Dairyland Insurance companies hereat.

## CLAIM TWO AGAINST DEFENDANTS PEAK PROPERTY AND CASUALTY INSURANCE/DAIRYLAND NATIONAL INSURANCE COMPANY

### CLAIM TWO: FRAUDULENT MISREPRESENTATION

37. Starting from November, 2024, continuing up to the filing date of this suit, the defendants, DAIRYLAND INSURANCE COMPANY, PEAK PROPERTY AND CASUALTY INSURANCE COMPANY, did make a false statement, and/or fraudulently misrepresent material facts to plaintiff, in connection with a personal injury insurance policy that should have reimbursed plaintiff for out-of-pocket payments that he made while being treated for injuries inflicted on plaintiff by tortfeasors insured by the defendants. As a result of the misrepresentation which the defendants induced plaintiff to believe, plaintiff's injuries were aggravated and led to more damage.

13

## **SPECIFIC ALLEGATIONS**

38. As the specific allegations against defendants **PEAK PROPERTY AND CASUALITY INSURANCE AND DAIRYLAND INSURANCE COMPANIES,** plaintiff alleges that, from November 2024, up to the filing date of this suit, the defendants, in order to insulate themselves from liability and to avoid making timely payments to plaintiff for his out-of-pocket expenses, pretended to have already paid other care providers, in particular Orlando Health, a hospital in Orlando, Florida. However, the plaintiff had already paid that hospital through his own personal insurance company, AMBETTER; and plaintiff did not owe the hospital any other money.

39. Defendants' fraudulent and material misrepresentation prompted the plaintiff to communicate with the hospital which relayed to plaintiff that the only payment that it received was what was paid by plaintiff through his own personal injury policy. The hospital's explanation revealed that Defendants' representation to plaintiff was materially false, malicious, and was concocted to avoid liability through falsehood and fraud.

14

## DEMAND FOR JUDGMENT
## JUDGMENT AGAINST MCDONALD'S FRANCHISE CORPORATION:

40. Plaintiff prays that this Honorable court enter judgment against McDonald's Franchise Corporation as follows:

i) ACTUAL DAMAGES: **TWO MILLION DOLLARS ($2,000,000.00).**

ii) DAMAGES FOR PAIN AND SUFFERING: **FIVE MILLION DOLLARS ($5,000,000.00).**

iii) PUNITIVE DAMAGES: **TWENTY-FIVE MILLION DOLLARS (425,000,000.00).**

## TOTAL DAMAGES AGAINST MCDONALD FRANCHISE CORPORATION:

## THIRTY-TWO MILLION DOLLARS ($32,000,000.00).

## JUDGMENT AGAINST DEFENDEANT JADA DENISE CLIATT:

41. Plaintiff prays that this Honorable Court enters judgment against Defendant **JADA DENISE CLIATT** as follows:

i) ACTUAL DAMAGES: **TWO MILLION DOLLARS ($2,000,000.00).**

ii) DAMAGES FOR PAIN AND SUFFERING: **FIVE MILLION DOLLARS ($5,000,000.00).**

iii) PUNITIVE DAMAGES: **FIVE MILLION DOLLARS ($5,000,000.00).**

## TOTAL JUDGMENT AGAINST EFENDANT JADA DENISE CLIATT: TWELVE MILLIOM DOLLARS ($12,000,000.00).

## JUDGMENT AGAINST DEFENDANT ARTHUR LEE CLIATT:

42. plaintiff prays that this Honorable court enters judgment against Defendant **Arthur Lee Cliatt** as follows:

15

JUDGMENT FOR PUNITIVE DAMAGES: **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00).**

## JUDGMENT AGAINST DAIRYLAND/PEAK PROPERTY AND CASUALTY INSURANCE COMPANY:

43. Plaintiff prays that this Honorable court enters judgment against DairyLand/Peak Property and Casualty Insurance Company as follows:

**PUNITIVE DAMAGES: FIVE HUNDRED THOUSAND DOLLARS: ($500,000.00)**

## DEMAND FOR JURY TRIAL

44. Plaintiff preserves his right to a trial by jury on each issue so triable in this case.

Respectfully Submitted,
Level Francois, Esq., Pro Se Plaintiff
18 N. Terry Avenue
Orlando, Florida 32801
Email: levelt.francois@aol.com
Postal mail: Level Francois
Telephone: (202) 455 3572

16